UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

BRENNAN BOSLEY,

        Plaintiff,

  v.

CAMDEN COUNTY DEPARTMENT OF CORRECTIONS,

        Defendant.

HONORABLE JEROME B. SIMANDLE

Civil Action
No. 16-cv-07138 (JBS-AMD)

**OPINION**

APPEARANCES:

Brennan Bosley, Plaintiff Pro Se
3 Acorn Road
West Berlin, NJ 08091

**SIMANDLE, District Judge:**

    1.    Plaintiff Brennan Bosley seeks to bring a civil rights complaint pursuant to 42 U.S.C. § 1983 against the Camden County Department of Corrections ("CCDOC"). Complaint, Docket Entry 1.

    2.    28 U.S.C. § 1915(e)(2) requires courts to review complaints prior to service in cases in which a plaintiff is proceeding *in forma pauperis*. Courts must *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) because Plaintiff is proceeding *in forma pauperis*.

3. For the reasons set forth below, the Court will dismiss the Complaint without prejudice for failure to state a claim. 28 U.S.C. § 1915(e)(2)(b)(ii).

4. The present Complaint does not allege sufficient facts to support a reasonable inference that a constitutional violation has occurred in order to survive this Court's review under § 1915. Even accepting the statements in Plaintiff's Complaint as true for screening purposes only, there is not enough factual support for the Court to infer a constitutional violation has occurred.

5. To survive *sua sponte* screening for failure to state a claim[1], the Complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

---

[1] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Samuels v. Health Dep't*, No. 16-1289, 2017 WL 26884, slip op. at *2 (D.N.J. Jan. 3, 2017) (citing *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012)); *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 28 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

6. Plaintiff alleges he was detained in the CCCF from October 1 to December 5, 2014, June 28 to December 5, 2015, April 4 to September 9, 2016. Complaint § III. Plaintiff also alleges he was detained in the CCCF for a few days in December 2013, July 2014 and September 2014.

7. With respect to factual allegations giving rise to his claims, Plaintiff states: "I was forced to sleep on the floor in the jail. That made it possible for mice and bugs to crawl on me and bite me. There is mold and very unsanitary conditions in the Camden County Department of Corrections including but not limited to the housing areas and the kitchen were [sic] I worked for 5 weeks as population cook were we were made to serve outdated food." Complaint § III(C).

8. Plaintiff left the injury section of his complaint blank. *Id*. § IV.

9. With respect to requested relief, Plaintiff seeks "monetary compensation." *Id*. § V.

10. Even construing the Complaint as seeking to bring a civil rights complaint pursuant to 42 U.S.C. § 1983 for alleged prison overcrowding, any such purported claims must be dismissed because the Complaint does not set forth sufficient factual support for the Court to infer that a constitutional violation has occurred.

11. The mere fact that an individual is lodged temporarily in a cell with more persons than its intended design does not rise to the level of a constitutional violation. *See Rhodes v. Chapman*, 452 U.S. 337, 348–50 (1981) (holding double-celling by itself did not violate Eighth Amendment); *Carson v. Mulvihill*, 488 F. App'x 554, 560 (3d Cir. 2012) ("[M]ere double-bunking does not constitute punishment, because there is no 'one man, one cell principle lurking in the Due Process Clause of the Fifth Amendment.'" (quoting *Bell v. Wolfish*, 441 U.S. 520, 542 (1979))). More is needed to demonstrate that such crowded conditions, for a pretrial detainee, shocks the conscience and thus violates due process rights. *See Hubbard v. Taylor*, 538 F.3d 229, 233 (3d Cir. 2008) (noting due process analysis requires courts to consider whether the totality of the

conditions "cause[s] inmates to endure such genuine privations and hardship over an extended period of time, that the adverse conditions become excessive in relation to the purposes assigned to them."). Some relevant factors are the length of the confinement(s), whether plaintiff was a pretrial detainee or convicted prisoner, any specific individuals who were involved in creating or failing to remedy the conditions of confinement, any other relevant facts regarding the conditions of confinement, etc.

12. Moreover, the CCDOC is not a separate legal entity from Camden County and is therefore not independently subject to suit. *See Bermudez v. Essex Cty. D.O.C.*, No. 12-6035, 2013 WL 1405263, at *5 (D.N.J. Apr. 4, 2013) (citing cases). Plaintiff has not pled sufficient facts to impose liability on Camden County.

13. "There is no *respondeat superior* theory of municipal liability, so a city may not be held vicariously liable under § 1983 for the actions of its agents. Rather, a municipality may be held liable only if its policy or custom is the 'moving force' behind a constitutional violation." *Sanford v. Stiles*, 456 F.3d 298, 314 (3d Cir. 2006) (citing *Monell v. N.Y.C. Dep't of Social Services*, 436 U.S. 658, 691 (1978)). *See also Collins v. City of Harker Heights*, 503 U.S. 115, 122 (1992) ("The city is not vicariously liable under § 1983 for the constitutional

torts of its agents: It is only liable when it can be fairly said that the city itself is the wrongdoer.").

14. Plaintiff must plead facts showing that the relevant Camden County policy-makers are "responsible for either the affirmative proclamation of a policy or acquiescence in a well-settled custom." *Bielevicz v. Dubinon*, 915 F.2d 845, 850 (3d Cir. 1990).[2] In other words, Plaintiff must set forth facts supporting an inference that Camden County itself was the "moving force" behind the alleged constitutional violation. *Monell*, 436 U.S. at 689.

15. Further, to the extent the complaint seeks relief for conditions Plaintiff encountered during periods of confinement ending prior to October 13, 2014, those claims are barred by the statute of limitations and must be dismissed with prejudice, meaning that Plaintiff cannot recover for those claims because they have been brought too late.[3] Civil rights claims under § 1983 are governed by New Jersey's limitations period for personal injury and must be brought within two years of the

---

[2] "Policy is made when a decisionmaker possess[ing] final authority to establish municipal policy with respect to the action issues an official proclamation, policy, or edict. Government custom can be demonstrated by showing that a given course of conduct, although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law." *Kirkland v. DiLeo*, 581 F. App'x 111, 118 (3d Cir. 2014) (internal quotation marks and citations omitted) (alteration in original).
[3] Plaintiff filed this complaint on October 13, 2016.

6

claim's accrual. *See Wilson v. Garcia*, 471 U.S. 261, 276 (1985); *Dique v. N.J. State Police*, 603 F.3d 181, 185 (3d Cir. 2010). "Under federal law, a cause of action accrues when the plaintiff knew or should have known of the injury upon which the action is based." *Montanez v. Sec'y Pa. Dep't of Corr.*, 773 F.3d 472, 480 (3d Cir. 2014).

16. Plaintiff alleges the events giving rise to his claims occurred during incarcerations from December 2013, July 2014 and September 2014, as well as from October 1 to December 5, 2014, June 28 to December 5, 2015, April 4 to September 9, 2016. Complaint § III. The incarcerations from December 2013, July 2014 and September 2014, all occurred more than two years prior to the filing of Plaintiff's complaint. The allegedly unconstitutional conditions of confinement at CCDOC, namely the overcrowding, would have been immediately apparent to Plaintiff at the time of his detention; therefore, the statute of limitations for Plaintiff's claims arising from his incarcerations expired well before this complaint was filed in 2016. Plaintiff therefore cannot recover for these claims.[4]

---

[4] Although the Court may toll, or extend, the statute of limitations in the interests of justice, certain circumstances must be present before it can do so. Tolling is not warranted in this case because the state has not "actively misled" Plaintiff as to the existence of his cause of action, there are no extraordinary circumstances that prevented Plaintiff from filing his claim, and there is nothing to indicate Plaintiff filed his

7

17. As Plaintiff may be able to amend his complaint to address the deficiencies noted by the Court, the Court shall grant Plaintiff leave to amend the complaint within 30 days of the date of this order. However, in the event Plaintiff does elect to file an amended complaint, he should focus only on the facts of his confinement from October 1 to December 5, 2014, June 28 to December 5, 2015, and April 4 to September 9, 2016. Because Plaintiff's earlier claims are barred by the statute of limitations and must be dismissed with prejudice, Plaintiff may not assert those claims in an amended complaint.

18. In the event Plaintiff files an amended complaint, he should include specific facts, such as the dates and length of confinement(s), whether Plaintiff was a pretrial detainee or convicted prisoner, any specific individuals who were involved in creating or failing to remedy the conditions of confinement, and any other relevant facts regarding the conditions of confinement. Conclusory statements are not enough.

19. Plaintiff should note that when an amended complaint is filed, the original complaint no longer performs any function in the case and cannot be utilized to cure defects in the amended complaint, unless the relevant portion is specifically incorporated in the new complaint. 6 Wright, Miller & Kane,

---

claim on time but in the wrong forum. *See Omar v. Blackman*, 590 F. App'x 162, 166 (3d Cir. 2014).

Federal Practice and Procedure 1476 (2d ed. 1990) (footnotes omitted). An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit. *Id.* To avoid confusion, the safer course is to file an amended complaint that is complete in itself. *Id.* The amended complaint may not adopt or repeat claims that have been dismissed with prejudice by the Court.

20. For the reasons stated above, the Complaint is dismissed without prejudice for failure to state a claim. The Court will reopen the matter in the event Plaintiff files an amended complaint within the time allotted by the Court.

21. An appropriate order follows.


**September 6, 2017**              **s/ Jerome B. Simandle**
Date                                 JEROME B. SIMANDLE
                                         U.S. District Judge